IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| YOLANDA MCKAY, *et al.*, | ) | CASE NO. 1:23-cv-02330-JPC |
| | ) | |
| Plaintiffs, | ) | DISTRICT JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| CITY OF CLEVELAND, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This matter was referred to me to conduct a mediation, and in the event that the parties were "unable to resolve the case, the Court request[ed] that the Magistrate Judge recommend a schedule for the completion of expert discovery, and Rule 702 motions, and briefing of any dispositive motions." (Non-document entry of August 5, 2025). The parties engaged in a mediation on October 9, 2025, and despite extensive negotiations, the parties were unable to resolve their dispute.

After conferring with the attorneys at the mediation, I recommend the following case management deadlines:

- Deadline for party with burden of proof on a claim or defense to disclose expert report(s): December 1, 2025.

- Deadline for responsive reports: January 9, 2026.

- Deadline to complete expert discovery: February 25, 2026.

1

- Deadline for filing dispositive motions on other matters: April 10, 2026.

Dated: October 9, 2025

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

---

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).